UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COOK BIOTECH INCORPORATED, and | ) | |
| COOK MEDICAL INCORPORATED, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1517-RLY-WTL |
| | ) | |
| SYNOVIS LIFE TECHNOLOGIES, INC., | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TRANSFER OR STAY**

Defendant, Synovis Life Technologies, Inc. ("Synovis"), initiated litigation against Cook Group, Inc. d/b/a/ Cook Biotech in the United States District Court of Minnesota in August of 2006. That lawsuit alleges that Cook Group, Inc. ("Cook Group") has infringed a patent held by Synovis by making and selling a suture line reinforcement product known as Surgisis SLR. In the case at bar Cook Biotech Incorporated ("Cook Biotech") and Cook Medical Incorporated ("Cook Medical") claim that they are, respectively, the manufacturer and seller of the Surgisis SLR product and ask this court for a declaratory judgment indicating that they are not in violation of the same patent that is at issue in the Minnesota litigation. In essence, Cook Biotech and Cook Medical are saying that they think Synovis should have sued them instead of Cook Group, but instead listed Cook Biotech as a d/b/a of Cook Group. Indeed, after this lawsuit was filed, Synovis amended its complaint in Minnesota to add Cook Biotech and Cook Medical.

In the Minnesota litigation, Cook Group has moved to dismiss the matter for lack of personal jurisdiction. A hearing on that motion is scheduled for January 24, 2007. Also in the Minnesota litigation, Cook Biotech and Cook Medical have answered the amended complaint and filed counterclaims.

In the motion currently before this court, Synovis asks that the litigation here either be dismissed, stayed or transferred to the Minnesota court, based upon the "first filed" rule. They argue that Cook Biotech and Cook Medical are simply alter egos of Cook Group which, due to complicated corporate structure, were not easily identified as the actual manufacturing and selling entities within the Cook Groups' maze of affiliated companies. Synovis also argues that both Cook Biotech and Cook Medical had actual knowledge of the claims being made in the Minnesota litigation and that the amendment to the Minnesota pleadings relates back to leave that matter as if the two had been actually named as independent defendants in the initial complaint.

Cook Biotech and Cook Medical attribute their absence as defendants from the initial filing in Minnesota to Synovis's litigation strategy rather than mistake. They argue that a deliberate tactical choice to sue a related entity instead of the known appropriate party negates any relation back to the amended complaint.

Both parties agree that Federal Circuit law controls when the appropriate venue for a patent dispute is contested. They both also cite *Genentech, Inc. V. Eli Lilly and Co.*,

998 F.2d 931, 937 (Fed. Cir. 1993), *overruled on other grounds, Wilton v. Seven Falls, Co.*, 515 U.S. 277 (1995) as offering the general rule that is followed: "in patent cases, the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." However, until either the relation back issue is decided or Cook Group is determined to be an appropriate defendant in the Minnesota litigation, an effort to balance the general rule against other potentially countervailing considerations is really only "make-work." If Cook Group is an appropriate named defendant, which is the subject of the pending motion in Minnesota, then it seems to this court that the venue issue is decided and Minnesota is the appropriate venue. Only if Cook Group is not subject to jurisdiction in the Minnesota case do the issues of relation back and mistake versus intentional litigation tactic rise to the forefront in this cause and require attention.

Because it would be premature to reach the issue this court sees as potentially controlling on the venue determination should only Cook Biotech and Cook Medical be the targets of the infringement claim, this litigation should be stayed until the Minnesota court rules on the pending motion to dismiss filed by the Cook Group. The parties should apprise this court of any ruling rendered in that matter and if no ruling on the motion to dismiss is made within 90 days of the January 24, 2007, hearing they should notify this court of the same.

Accordingly, Synovis's Motion to Dismiss, or In the Alternative, Transfer or Stay (Document # 22) is **GRANTED IN PART** and this matter is **STAYED** until such time as the court receives notification from the parties consistent with the directives of this entry.

ALL OF WHICH IS ORDERED this 24th day of January 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Spiro Bereveskos
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
judy@uspatent.com

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

John J. Gresens
FITCH EVEN TABIN & FLANNERY
jgresens@fitcheven.com

Nicholas T. Peters
FITCH EVEN TABIN & FLANNERY
ntpete@fitcheven.com

Steven C. Schroer
FITCH EVEN TABIN & FLANNERY
scschr@fitcheven.com

Joel E. Tragesser
LOCKE REYNOLDS LLP
jtragesser@locke.com

Steve Edward Zlatos
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
stevezlatos@uspatent.com